UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PRISCILLA SONGG,

    Plaintiff,

v.

PATERSON CITY POLICE DEPARTMENT, *et al.*,

    Defendants.

Docket No.: 18-cv-16117

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Priscilla Songg brings this civil rights action against various municipal and individual Defendants. The matter comes before the Court on the City of Paterson's, the City of Paterson Police Department's, and the County of Passaic's motions to dismiss. ECF Nos. 7, 12. The individual defendants did not move. For the reasons set forth below, the County of Passaic's motion to dismiss, ECF No. 12, is **GRANTED** while the City of Paterson's and Paterson Police Department's motion to dismiss, ECF No. 7, is **GRANTED IN PART** and **DENIED IN PART**.

I.     BACKGROUND

Plaintiff Priscilla Songg ("Plaintiff") alleges that on November 12, 2016, Officer Robert Shirey ("Shirey") and others from the Paterson Police Department ("Police Department") met Plaintiff while responding to a call. Amended Complaint ¶¶ 8-9, ECF No. 3 ("AC"). Witnesses apparently told Officer Shirey nothing illegal had occurred, but Shirey seized Plaintiff by the arm nonetheless. AC ¶ 9. Plaintiff accuses Shirey of twisting her arm and throwing her down a flight of stairs, causing her to lose consciousness. When Plaintiff awoke, she alleges that she was not provided appropriate medical treatment despite her obvious need. AC ¶¶ 13-15. Plaintiff complains that she has been unable to regain full use of her arm and continues to suffer from pain in her arm and back, impairing her ability to live and work. AC ¶ 26. Plaintiff also complains that she had to endure a period of incarceration based on false charges and to incur the costs of legal representation. AC ¶ 27.

As a result of these events, Plaintiff asserts the following claims against the City of Paterson ("the City"), its Police Department, Officer Shirey and other police officers ("Officers"), and the County of Passaic ("the County" or "Passaic") under 42 U.S.C. § 1983 ("Section 1983"), the New Jersey Civil Rights Act ("NJCRA"), and various state tort theories:

| Count | Claim | Defendant(s) |
|---|---|---|
| Count 1 | Police Interference to Prisoner Welfare and Failure to Render Aid | The City, Police Department, Officers, and John Does (1-30) |
| Count 2 | 8th and 14th Amendments via the NJCRA and 42 U.S.C. § 1983 | The City, Police Department, Officers, and John Does (1-30) |

| Count 3 | 4th and 14th Amendments via the NJCRA and 42 U.S.C. § 1983 | The City, Police Department, Shirey, and John Does (1-30) |
| --- | --- | --- |
| Count 4 | 5th and 14th Amendments via the NJCRA and 42 U.S.C. § 1983 | The City, Police Department, Shirey, and John Does (1-30) |
| Count 5 | Malicious Prosecution | The City, Police Department, Officers, and John Does (1-30) |
| Count 6 | Battery | The City, Police Department, Shirey, and John Does (1-30) |
| Count 7 | Public Entity Liability for Acts of Public Employees | The City and Police Department |
| Count 8 | Public Entity Liability for Customary Practice or Failure to Provide Adequate Training and Supervision | The City and Police Department |

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B.  Claims Against the County of Passaic

Plaintiff names Passaic as a defendant but fails to allege any wrongdoing by the County or name the County in any count. All eight counts are asserted against the City, its Police Department, the Officers, or John Does. AC pp. 4, 6-8, 10-12. The only factual allegations regarding the County simply state Plaintiff was held in County jail. *Id.* ¶¶ 7, 18, 19, 22, 24. The only other references to the County simply declare liability in "wherefore" clauses at the end of each count. *Id.* pp. 6-12, 14. Even if the Amended Complaint contained substantive allegations against the County, it would be immune under 42 U.S.C. § 1983 because Plaintiff failed to adequately allege a policy or custom deprived her of her civil rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (requiring a municipal policy or custom to cause the constitutional violation). Further, nothing indicates any wrongful conduct could otherwise be attributed to the County. *See generally* AC. Therefore, the claims against the County are **DISMISSED WITH PREJUDICE**.

### C. Claims Against the Paterson Police Department

Plaintiff names the Paterson Police Department in each of her claims. However, police departments in New Jersey are merely arms of the township, not separate entities. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (citing N.J.S. 40A:14–118 for proposition that "New Jersey police departments are 'an executive and enforcement function of municipal government.'"). According, the claims against the Police Department are truly claims against the City, which is also named as a Defendant in every count. Therefore, the claims against the Paterson Police Department are **DISMISSED WITH PREJUDICE**.

### D. State Tort Claims Against the City of Paterson

Plaintiff brings claims for Police Interference to Prisoner Welfare and Failure to Render Aid (Count One), Malicious Prosecution (Count Five), Battery (Count Six), and "Public Entity Liability for Acts of Public Employee" (Count Seven). Paterson argues Plaintiff has not stated any claim for Malicious Prosecution or Battery and, in any event, the City is immune from liability.

#### *1. Malicious Prosecution (Count Five)*

As an initial matter, the Court must decipher whether Plaintiff brings her malicious prosecution claim under a common-law tort theory or Section 1983. Paterson assumes Section 1983 before arguing the City is immune. Paterson Mot. at 15-17. However, Plaintiff appears to assert malicious prosecution liability under a common-law tort theory. When Plaintiff asserts Section 1983 claims in Counts Two, Three, and Four, she cites 42 U.S.C. § 1983 and alleges Defendants' conduct was "under color of law." AC ¶¶ 50, 60, 69. Count Five contains no such language. Accordingly, the Court concludes Count Five asserts common-law liability.[1]

Even though Paterson assumes the wrong theory of liability, the parties' arguments are applicable to the state-law context because Paterson asserts Plaintiff failed to establish an element common to both Section 1983 and common-law claims. Namely, in initiating a criminal proceeding, "the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice." Paterson Mot. at 16 (quoting *Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007)); *see also Torres v. McLaughlin*, 163 F.3d 169, 176 (3d Cir. 1998) (listing elements of common law claim). Plaintiff responds that "there was absolutely no legitimate evidence from which to base probable cause for the charges against Plaintiff in this case." Thus, Plaintiff argues, she was necessarily prosecuted "for a purpose other than bringing [her] to justice." Opp. at 10.

While Plaintiff fails to provide citations, the Amended Complaint does allege the Officers knew Plaintiff was innocent yet maintained charges against her anyway. AC ¶¶ 10, 20, 27. Accordingly, Plaintiff has adequately alleged that in initiating and maintaining criminal proceedings, Defendants acted "for a purpose other than bringing [her] to justice." *See Torres*,

---

[1] To the extent Plaintiff intends to assert Section 1983 liability against the City for malicious prosecution, that claim is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth below. *See infra* Part II.E.4. Any amended pleading should make clear if Counts One, Five, Six, and Seven are brought under Section 1983 or state-tort theories.

3

163 F.2d at 176. Accordingly, Paterson's motion to dismiss Count Five for failure to plead that element is **DENIED**.

### 2. *Battery (Count Six)*

Paterson argues the Battery claim (Count Six) against the City should be dismissed pursuant to the NJTCA's prohibition on public entity liability for "willful misconduct." Paterson MTD at 5. Plaintiff responds that the NJTCA does not preclude liability, as the Plaintiff alleges battery in-the-alternative to her excessive force claim, and a "factfinder could determine that the Officer's actions constituted civil battery, but were not sufficient to incur criminal liability and lacked the malice and wanton disregard to remove them from being within the scope of employment." Opp. at 2. Plaintiff is incorrect.

"A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or *willful misconduct*." N.J.S. § 59:2-10 (emphasis added). "An actor is subject to liability to another for battery if (a) he acts *intending* to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." Restatement (Second) of Torts § 13 (1965) (emphasis added); *Giovine v. Giovine*, 663 A.2d 109, 125 (N.J. App. Div. 1995) (Skillman, J., concurring and dissenting), *overruled on other grounds in Brennan v. Orban*, 145 N.J. 282, 678 A.2d 667 (1996). Thus, "by definition, battery requires proof of an *intent* to cause a harmful or offensive contact." *Aetna Life & Cas. Co. v. Barthelemy*, 33 F.3d 189, 191 (3d Cir. 1994) (emphasis added) (applying Restatement (Second) of Torts under Pennsylvania law). As the City cannot be liable for "willful misconduct" of its employees and battery requires "intent to cause a harmful or offensive touching," the City cannot be liable for battery. *See Ward v. Barnes*, 545 F. Supp. 2d 400, 420 (D.N.J. 2008) (holding that a public entity could not be vicariously liable for an employee's battery). Accordingly, the battery claim against the City (Count Six) is be **DISMISSED WITH PREJUDICE**.

### E. Section 1983 Claims Against the City of Paterson

In Counts Two, Three, Four, and Eight, Plaintiff asserts Section 1983 claims against the City. Paterson argues portions of those claims must be dismissed as a matter of law, and regardless, Plaintiff failed to adequacy plead a "pattern or practice" creating municipal liability.

### 1. *Violations of the Eighth and Fourteenth Amendments (Count Two)*

In Count Two, Plaintiff alleges Eighth and Fourteenth Amendment violations by the City, the Police Department, the Officers, and John Does (1-30). Plaintiff asserts Defendants subjected her "to cruel and unusual punishment[] by refusing to provide her with emergency aid" she obviously needed. AC ¶¶ 47-55.

The Eighth Amendment only applies "after the state has secured a formal adjudication of guilt." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (cleaned up). Here, Plaintiff was never convicted, and thus the Eighth Amendment does not apply.

4

Accordingly, Plaintiff's Count Two claim under the Eight Amendment is **DISMISSED WITH PREJUDICE**.[2]

### 2. *Violations of the Fourth and Fourteenth Amendments (Count Three)*

In Count Three, Plaintiff alleges violations of the Fourth and Fourteenth Amendments by the City, the Police Department, Officer Shirey, and John Does (1-30). Plaintiff asserts Officer Shirey used excessive force in effecting Plaintiff's arrest, resulting in an unreasonable seizure of Plaintiff's arm and serious injuries. AC ¶¶ 56-62. Paterson argues the Fourteenth Amendment portion of Count Three must be dismissed because only the Fourth Amendment applies to such claims. Paterson Mot. at 8. Paterson is correct. "*[A]ll* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Accordingly, Plaintiff's Count Four claims brought under the Fourteenth Amendment is **DISMISSED WITH PREJUDICE**.

### 3. *Violations of the Fifth and Fourteenth Amendments (Count Four)*

In Count Four, Plaintiff alleges Fifth and Fourteenth Amendment violations by the City, the Police Department, Officer Shirey, and John Does (1-30) "by denying Plaintiff the right to due process of law via a fair opportunity to be heard." Amen. Compl. ¶ 65. Plaintiff also alleges the Defendants "fabricated charges," "encouraged . . . false accusers," and "maintained the charges . . . for months." *Id.* ¶¶ 66-68.

#### a. **Fifth Amendment Claim**

Paterson argues the claims pursuant to the Fifth Amendment should be dismissed, as the Fifth Amendment only applies to the Federal Government. Patterson Mot. at 6. Plaintiff responds that this argument is "merely semantic." Opp. at 3.

"[T]he Due Process Clause of the Fifth Amendment only applies to federal officials." *Bergdoll v. City of York*, 515 F. App'x 165, 170 (3d Cir. 2013) (citing *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983)). Therefore, Defendants (all non-federal actors) cannot be liable. Accordingly, Plaintiff's Fifth Amendment claim contained in Count Four is **DISMISSED WITH PREJUDICE**.

#### b. **Fourteenth Amendment Claim**

Paterson construes Plaintiff's Fourteenth Amendment Count Four claim as one for lack of procedural due process and argues Plaintiff failed to allege she lacked a fair opportunity to be heard. Paterson MTD at 6. But Count Four also appears to stem from the alleged fabrication of evidence leading to false charges being maintained against Plaintiff. AC ¶¶ 63-71.[3] The Third

---

[2] As set forth below, the remaining portion of Count Two against the City is **DISMISSED WITHOUT PREJUDICE**. *See infra* Part II.E.4 (dismissing Section 1983 claims against the City). The same will apply to Counts Three and Four. *See infra* Part II.E.4.

[3] Plaintiff responds directly to Paterson's arguments but given the allegations, the Court reads the charge under a fabrication of evidence lens. If Plaintiff is attempting to make some "lack of adequate hearing" claim, she should do so explicitly in an amended complaint.

Circuit has noted "that if fabricated evidence is used as a basis for a criminal charge that would not have been filed without its use the defendant certainly has suffered an injury." *Halsey v. Pfeiffer*, 750 F.3d 273, 292, 295 n.19 (3d Cir. 2014).

Here, Plaintiff pleads the skeleton of a Fourteenth Amendment fabrication of evidence claim through conclusory statements. *See* AC ¶¶ 66-68 ("Officers alleged fabricated charges" and "encouraged or demanded that other witnesses swear as false accusers."). However, once those conclusory statements are stripped away, no factual allegations remain regarding fabricated evidence. Defendants are left completely in the dark on what evidence was fabricated, who was encouraged to lie, and when and where such conduct occurred. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Count Four is **DISMISSED WITHOUT PREJUDICE**.

### 4. Monell *Claims and Failure to Train Liability Under Section 1983*

Paterson argues that as they apply to the City, Counts One through Five, Seven, and Eight "survive or fail based on whether they meet the standards set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)." Paterson Mot. at 9.[4] In *Monell*, the Supreme Court held that a government entity can only be liable under Section 1983 when the entity's "policy or custom" causes an injury. *Monell*, 436 U.S. at 694. Plaintiff responds only with respect to Count Eight, asserting that Paterson's "argument as to the failure to train or supervise claim goes beyond testing the sufficiency of the pleadings" and "Plaintiff has alleged that a failure to train Officers to respect Civil Rights . . . is a pattern and practice that has been so abundantly clear, their continued failure to remedy the issue amounts to tacit acceptance and deliberate indifference." Opp. at 5.

The Court is unsure which allegations Plaintiff is referring to regarding an obvious "pattern or practice." Plaintiff's entire argument does not cite a single paragraph of her Complaint. *See* Opp. at 5-9. Instead, Plaintiff encourages the Court "to take judicial notice of certain facts that support a finding of deliberate indifference," including allegations in other litigation, a failure to implement a "Red Flag tracking system," an FBI probe, news articles, and use-of-force statistics not referenced in the Amended Complaint. *See generally* AC. The Court cannot consider such facts for two reasons. First, Plaintiff cannot amend her complaint by opposition brief. *Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Second, a fact is only appropriate for judicial notice if it "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Neither condition is satisfied here. The Court is left with no facts from which it could conclude Plaintiff's injuries resulted from a policy or custom of the City.

---

[4] Count One, Five, and Seven appear to be regular tort claims brought against the City pursuant to the NJTCA. Therefore, *Monell* does not apply and the City's motion as to those claims is **DENIED**. To the extent the Court is mistaken, and Plaintiff *is* attempting to assert Section 1983 and NJCRA liability in Counts One, Five, and Seven, those claims are **DISMISSED WITHOUT PREJUDICE** for the same reasons as the other Section 1983 and NJCRA claims against the City.

6

Plaintiff has similarly failed to allege constitutional violations justifying a single-violation failure-to-train claim. Plaintiff concedes that a single constitutional violation can only provide failure-to-train liability "where the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker's inaction amounts to deliberate indifference." Opp. at 5 (quoting *Christopher v. Nestlerode*, 240 F. App'x 481, 490 (3d Cir. 2007)). The very case Plaintiff cites for that proposition explains that such claims are appropriate for situations where officers face "a difficult choice of the sort that training or supervision will make less difficult." *Christopher*, 240 F. App'x at 490 (quoting *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992)). "Where a law enforcement officer's duty is clear (e.g., not to commit perjury when testifying at the trial of a criminal defendant whom the officer knows to be innocent), no such difficult choice is presented, and the need for more or different training is not so obvious." *Id.* Here, the duties Plaintiff alleges the Officers violated were obvious (i.e., do not use excessive force, suborn perjury, or bring false charges; do render aid when necessary). Accordingly, additional allegations triggering a duty to train are necessary for municipal liability to attach. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) (requiring pattern of similar constitutional violations).

As Plaintiffs could supplement the Amended Complaint with specific allegations triggering a duty to train and demonstrating Plaintiff's injuries resulted from a municipal policy or custom, Counts Two, Three, Four, and Eight are **DISMISSED WITHOUT PREJUDICE** as asserted against the City, except as set forth above.[5]

### F. NJCRA Claims Against the City

Plaintiff alternatively asserts liability under the NJCRA and New Jersey Constitution. Paterson argues these claims should be dismissed for the same reasons as the Section 1983 claims. Mot. at 17. Plaintiff responds that "[a]lthough [NJ]CRA caselaw has generally tracked the law handed down in federal civil rights cases, Plaintiff cannot be prevented from asserting her rights under both State and federal law simply because a federal law exists." Opp. at 10.

Plaintiff is not prevented from asserting alternative state and federal constitutional claims. However, "[t]his district has repeatedly interpreted NJCRA analogously to § 1983." *Pettit v. New Jersey*, No. 09-cv-3735, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011) (listing cases). Therefore, for the same reasons set forth above, Counts Two, Three, Four and Eight, as alleged against the City, are **DISMISSED WITHOUT PREJUDICE** while portions of Counts Two through Four are **DISMISSED WITH PREJUDICE**.

### G. Punitive Damages

The City's final argument is to dismiss all claims for punitive damages. Plaintiff fails to respond to this argument. Accordingly, the claims for punitive damages are **DISMISSED WITH PREJUDICE**. *See Aiellos v. Zisa*, 09-cv-3076, 2010 WL 421081, at *5 & n.8 (D.N.J. Feb. 2, 2010) (finding failure to meaningfully respond waived claims). Had Plaintiff responded, the punitive damage claims still would be dismissed, as such damages are not recoverable against

---

[5] The Eighth Amendment portion of Count Two, Fourteenth Amendment portion of Count Three, and Fifth Amendment portion of Count Four are **DISMISSED WITH PREJUDICE**. *See supra* Part II.E.1-3.

the City. *See Gardner v. New Jersey State Police*, 15-civ-8982, 2016 WL 6138240, at *5 (D.N.J. Oct. 21, 2016) ([P]unitive damages are unavailable against municipalities under the NJTCA, the NJCRA, and § 1983.").

### III. CONCLUSION

For the reasons set forth above, the County of Passaic's motion to dismiss, ECF No. 12, is **GRANTED** while the City of Paterson's and Paterson Police Department's motion to dismiss, ECF No. 7, is **GRANTED IN PART AND DENIED IN PART**. An appropriate order follows.

*/S/ William J. Martini*
**Date: July 1, 2019**          **WILLIAM J. MARTINI, U.S.D.J.**