# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRISCILLA SONGG,<br><br>Plaintiff,<br><br>v.<br><br>PATERSON CITY POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | 18-cv-16117<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Priscilla Songg ("Plaintiff") brings this civil rights action against various municipal and individual Defendants. The matter comes before the Court on Defendant County of Passaic's ("Passaic" or "County") motion for attorneys' fees and costs. ECF No. 21 ("Mot."). For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff alleges various individual and municipal defendants ("Defendants") are liable for her wrongful arrest and subsequent mistreatment. *See generally* Amend. Compl., ECF No. 3 ("AC"). Passaic, the City of Paterson, and its Police Department moved to dismiss. ECF Nos. 7, 12. The Court granted-in-part and denied-in-part the City of Paterson and its Police Department's joint motion. MTD Op. at 3-8. Passaic's motion was granted in its entirety. *Id.*

On August 1, 2019, the County filed the present motion for attorneys' fees and costs. ECF No. 21. After Plaintiff's time to oppose the motion expired, Plaintiff's counsel submitted a letter explaining that due to staffing changes, Plaintiff's firm neglected to submit a timely opposition brief. To avoid unfair prejudice, the Court granted both parties an extension. ECF No. 24. Briefing was completed on October 12, 2019. ECF Nos. 25 (Opposition) & 26 (Reply).

## II. DISCUSSION

Passaic moves for attorneys' fees and costs under 42 U.S.C. § 1988. Section 1988 "allows the award of a reasonable attorney's fee to the prevailing party in . . . suits brought under § 1983." *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). Typically, Section 1988 operates to permit plaintiffs to recover fees from defendants "whose misconduct created the need for legal action." *Id.* at 833. But in *Christianburg Garment Co. v. EEOC*, the Supreme Court "held that § 1988 also authorizes a fee award to a prevailing defendant, but under a different standard reflecting the 'quite different equitable considerations' at stake." *Id.* (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 419 (1978)). "A plaintiff may be liable for attorneys' fees under § 1988 when a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990) (quoting *Christianburg*, 434 U.S. at 422). While subjective bad faith is

1

not required, "[i]mplicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Id.* (citations omitted). The movant bears the burden of establishing its right to an award. *Fox*, 563 U.S. at 838.

Here, the Court is not convinced that Plaintiff knew or should have known her claims against the County were deficient because Plaintiff did not actually assert any claims against the County. As the Court noted in the MTD Opinion, Plaintiff failed "to allege any wrongdoing by the County or name the County in any count." MTD Op. at 2. The AC clearly lays out which claims are asserted against which Defendants in bolded headers. AC pp. 4-12. The County appears in none of them. *Id.* Further, the County itself is not included as one of "the parties" in the Complaint. *Id.* ¶¶ 1-7 (emphasis and capitalization adjusted).[1] The only mention of the County is in the case caption and "wherefore" clauses of the AC. But context clues demonstrate that the "County of Passaic" was likely not meant to be a separate party. Instead, it was likely included to specify the County in which the City of Paterson sits. Only Passaic is separated by a semi-colon from the City of Paterson in the case caption, as opposed to commas separating the other distinct parties. AC p.1. And the "wherefore" clauses always list "The City of Paterson, County of Passaic" in that exact form, not "The City of Paterson, The County of Passaic." *Id.* pp. 4-14.

Given that no claims were alleged against the County, the Court will not hold Plaintiff liable for Passaic's attorneys' fees. As the County argues, "an award of fees to a prevailing defendant is *premised on a finding* the 'plaintiff knew or should have known the legal or evidentiary deficiencies of his *claim.*'" Mot. at 8 (quoting *Brown*, 903 F.2d at 277) (emphasis added)). Because no claim was asserted against the County, *see* MTD Opp. at 1-2, the Court is not convinced that Plaintiff "knew or should have known" that any of her theories of liability were deficient. *Brown*, 903 F.2d at 277; *see also* AC pp. 4-12 (listing parties each count is asserted against). Accordingly, assessing fees against the Plaintiff would be inappropriate.

## III. CONCLUSION

For the reasons set forth above, the County of Passaic's motion for attorneys' fees, ECF No. 21, is **DENIED**. An appropriate order follows.

Date: November 21, 2019

WILLIAM J. MARTINI, U.S.D.J.

---

[1] The Passaic County Jail is mentioned, but the Jail and County are separate entities. *See* N.J.S.A. § 30:8-17. In any event, neither the Jail, nor any of its employees, is alleged to have committed any wrongdoing and the Jail is not included in the header of any claim, the prayers for relief, or the case caption.

2